Appellate Term, First Department, June, 1921.  [Vol. 115.

of a corporation that may or may not have a much larger and wider field of operation.

For the above reasons the judgment must be reversed and a new trial ordered, with thirty dollars costs to appellants to abide the event; said costs as of one appeal.

BIJUR and McCOOK, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellants to abide event.

---

ROSMAN REALTY CORPORATION, Etc., Landlord, Respondent, *v.* JAMES F. QUINN, Tenant, Appellant.

(Supreme Court, Appellate Term, First Department, May Term — Filed June, 1921.)

Summary proceedings — landlord and tenant — improving existing building is not "demolishing the same with the intention of constructing a new building" — Laws of 1920, chap. 942.

> The plans and specifications for changes in a seven-story corner apartment house in the city of New York were designed to convert it into a building to provide for twenty-five families, and, in substance, the physical changes consisted in the removal of a great many partitions, the installation of two new bathrooms and toilets on each floor, the introduction of new dumbwaiter shafts and new plumbing throughout the building and the erection of an additional fire escape, but no interference was contemplated with the foundations, walls, roofs or floors. *Held,* that there was no intention to demolish the building for the purpose of erecting a new one, within the meaning of chapter 942 of the Laws of 1920, and a final order in favor of the landlord in summary proceedings will be reversed and the petition dismissed.

APPEAL by the tenant from a final order of the Municipal Court of the city of New York, borough of

Manhattan, fifth district, in favor of the landlord, after a trial by a judge without a jury.

Francis Colety, for appellant.

Oliver E. Davis, for respondent.

Bijur, J.   The only question presented by this appeal is whether the premises affected come within the description of chapter 942 of the Laws of 1920, namely, whether the landlord desired " in good faith to recover the premises for the purpose of *demolishing the same* with the intention of constructing a *new building.*"   The premises are a seven-story corner apartment house about 55 by 100 feet, arranged to house twelve families.   The plans and specifications for changes therein were designed to convert it into a building to provide for twenty-five families, and the physical changes consisted in substance of the removal of a great many of the partitions, the installation of two new bathrooms and toilets on each floor, the introduction of new dumbwaiter shafts and new plumbing throughout the building and the erection of an additional fire escape.   No interference was contemplated with the foundations, walls, roofs or floors of the structure.

It seems to me to be self evident that it was not intended to demolish this building for the purpose of constructing a new one within the meaning of the legislature.   While the changes contemplated were radical in many senses, we are not concerned with that feature of the case.   The legislature in its discretion has established a test which is clear and free from ambiguity.

As was well said in *McCluskey* v. *Cromwell,* 11 N. Y. 593, 601:  " But in the construction, both of statutes and contracts, the intent of the framers and parties is to be sought first of all, in the words and

language employed, and if the words are free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the framers of the instrument, there is no occasion to resort to other means of interpretation. It is not allowable to interpret what has no need of interpretation, and when the words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or extend the meaning. Statutes and contracts should be read and understood according to the natural and most obvious import of the language, without resorting to subtle and forced construction for the purpose of either limiting or extending their operation. Courts cannot correct supposed errors, omissions or defects in legislation, or vary by construction, the contracts of parties. The office of interpretation is to bring sense out of the words used, and not bring a sense into them.''

Order reversed, with thirty dollars costs and petition dismissed, with costs.

GUY and McCOOK, JJ., concur.

Order reversed, with thirty dollars costs.